UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SANDRA QUEEN "GIVE ME BACK  　　　　　Case No. 1:11-cv-536
MY KIDS" NOBLE,  　　　　　　　　　　　Weber, J.
　　　Plaintiff  　　　　　　　　　　　　Litkovitz, M.J.

　　　vs

THE STOLEN UNITED STATES
OF AMERICA, et al.,  　　　　　　　　　REPORT AND RECOMMENDATION
　　　Defendants

　　　Plaintiff, a resident of Cincinnati, Ohio, brings this action against the Stolen United States of America, the YMCA, and the NAACP of Cincinnati. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

　　　Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly

incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

      Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against the Stolen United States of America, the YMCA, and the NAACP of Cincinnati. Plaintiff's complaint alleges:

> This civil rights case challenges as excessive force the use of a black male all so known to be in colonial civilization a nigger uncle tom and sellout trying to stop Plaintiff from serving the public as a none conformist city council candidate. Plaintiff is the mother of exploited kids in the custody of the los angeles county department of social services and as a result has run for political office succeeding in making ballots then robbed of vote by nazis and niggership statewide. Plaintiff, Sandra Queen "Give Me Back My Kids" Noble, hereafter, identification is a Moor descended from the Motherland NW ancestors kidnapped by racist colonist guilty for unpaid labor, resources, egregious black slander that remain flagrant violations of human rights in this stolen country. Talk about a debt ceiling. Tort violation from ymcas and naacps defendants recognize Noble to be a creditable political candidate from dc to oh sait defendants pursue vicious aggravating circles of malice ill willful intent and miss treatment to assassinate Noble character in good standing for parental political rights. The colonial defendants rip-off greedy consumer culture breeds inferior conformist wanton dirty underhanded work and conduct is not ethical and can't be trusted aiding and abetting capitalist economy wholly dependent on poverty practice against the best interest of productive people dwelling in status quo democracy. Plaintiff is a nonconformist against naacp niggers certifying the values ways and means of trespassing settlers from england.

(Complaint at 1). Her complaint continues in a similar vein and is a rambling diatribe against certain members of the Cincinnati City Council and the NAACP. The complaint contains other allegations that are abusive, nonsensical or delusional. She seeks "$9,244 trillion dollars."

In this case, plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/15/2011         s/Karen L. Litkovitz
                        Karen L. Litkovitz, Magistrate Judge
                        United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SANDRA QUEEN "GIVE ME BACK  　　　　Case No. 1:11-cv-536
MY KIDS" NOBLE,  　　　　　　　　　　Weber, J.
　　　Plaintiff　　　　　　　　　　　　　Litkovitz, M.J.

　　　vs

THE STOLEN UNITED STATES
OF AMERICA, et al.,
　　　Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).